NICHOLAS M. WAJDA (State Bar #259178)
nick@wajdalawgroup.com
Wajda Law Group, APD
6167 Bristol Parkway, Suite 200
Culver City, CA 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

NATAHAN C. VOLHEIM (Admitted Pro Hac Vice, Illinois State Bar #6302103)
nvolheim@sulaimanlaw.com
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

CHRISTOPHER R. FREDRICH (State Bar #266471)
Stroock & Stroock & Lavan LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: (310) 556-5800
Facsimile: (310) 556-5959
lacalendar@stroock.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT L. EAGLE, | CASE NO. 2:19-cv-01536-JAM-EFB |
| Plaintiff, | Hon. John A. Mendez |
| vs. | **JOINT STATUS REPORT** |
| GOLDMAN SACHS BANK USA a/k/a MARCUS BY GOLDMAN SACHS, | |
| Defendant. | Complaint Filed: August 9, 2019 |

Pursuant to the Court's order of August 9, 2019 and Fed. R. Civ. P. 26(f), Scott L. Eagle ("Plaintiff") and Goldman Sachs Bank USA ("Defendant") (collectively, "the Parties"), hereby file this Joint Status Report.

1

**A.     The Nature of the Case:**

<u>Plaintiff's Position</u>:   Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA")  and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") pursuant to Cal. Civ. Code §1788, *et seq*.

<u>Defendant's Position</u>:   Defendant denies that it violated the TCPA or Rosenthal Act, denies that Plaintiff was harmed as a result of any conduct by Defendant, and denies that Plaintiff is entitled to any relief whatsoever.  Defendant denies that any calls made to Plaintiff were made without prior express consent of Plaintiff.

**B.     Progress in the Service of Process:**

All parties have been served and are represented by counsel.

**C.     Possible Joinder of Additional Parties:**

The Parties do not believe any additional parties will need to be joined.  The Parties request until December 13, 2019 to seek leave to add any additional parties.

**D.     Any Expected or Desired Amendment of Pleadings:**

The Parties do not contemplate any amendments to the Pleadings at this time.  The Parties request until December 13, 2019  to seek leave to make any amendments to the Pleadings.

**E.     Jurisdiction and Venue:**

<u>Plaintiff's Position</u>:  Plaintiff asserts that this Court has jurisdiction over the Parties and claims, and that venue in this Court is proper.

<u>Defendant's Position</u>:   Defendant does not challenge jurisdiction or venue for purposes of this action only, but denies that violations of federal law have occurred, denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever from Defendant.

**F.     Anticipated Motions and the Scheduling of Motions:**

<u>Plaintiff's Position</u>:  Plaintiff does not anticipate any Motions at this time.

<u>Defendant's Position</u>:   Defendant anticipates bringing a motion for summary judgment and/or partial summary judgment, including on the issue of prior express consent under the TCPA.  Defendant also anticipates that motion practice may be necessary for issues related to

Plaintiff's pending Chapter 13 bankruptcy case (United States Bankruptcy Court, Eastern District of California, Case No. 19-24628).

### G.     Anticipated Discovery and Scheduling of Discovery:

#### 1.     Timing of Rule 26(a) Disclosures

The Parties anticipate exchanging initial disclosures by December 13, 2019.  The Parties do not see a need to deviate from the form or requirement for disclosures under Rule 26(a).

#### 2.     The Scope and Timing of Discovery

The Parties propose that non-expert discovery be completed on or before July 8, 2020 and that expert discovery be completed by August 12, 2020.

The principal areas of discovery sought will be the communications between Defendant and Plaintiff, whether Plaintiff provided Defendant with the requisite consent under the TCPA for any calls, and whether the systems used by Defendant to place the alleged calls are within the scope of the TCPA.

The Parties do not anticipate any issues with electronically stored information ("ESI") at this time, but they agree that to the extent any relevant non-privileged ESI is produced in this action, they will confer as to the format of that material prior to its production to determine the least burdensome, most reasonable way to produce it.

The Parties anticipate that an appropriate protective order for confidential and proprietary information will be necessary for document production.  The Parties agree to cooperate in preparing a mutually-agreeable proposed order to submit to the Court.

#### 3.     Limitations on Discovery

The Parties do not believe that any changes should be made in the limitations on discovery, aside from those imposed by FRCP and Local Rule.

#### 4.     Expert Witnesses

The Parties propose that initial expert disclosures be due July 8, 2020 and rebuttal expert disclosures be due July 29, 2020.

3

**H.     Future Proceedings, Including Setting Appropriate Cut-Off Dates for Discovery, Law and Motion, and the Scheduling of Pretrial and Trial:**

The Parties propose the following dates:

    Non-Expert Discovery Cut-Off: July 8, 2020

    Initial Expert Disclosures:  July 8, 2020

    Rebuttal Expert Disclosures:  July 29, 2020

    Expert Discovery Cut-Off:  August 12, 2020

    Last Day to Hear Motions:  September 1, 2020

    Final Pretrial Conference: September 21, 2020

    Trial: October 5, 2020

**I.     Appropriateness of Special Procedures**

The Parties do not believe that any special procedures are warranted at this time.

**J.     Estimate of Trial Time**

<u>Plaintiff's Position</u>:  Plaintiff requests a jury trial and estimates that trial will last approximately 2 days.

<u>Defendant's Position</u>: Defendant does not request a jury trial and estimates that trial will last approximately 2 days.

**K.     Modification of Standard Pretrial Procedures Specified by the Rules Due to the Relative Simplicity or Complexity of the Action or Proceedings:**

The Parties do not propose any modification of standard pretrial procedures.

**L.     Whether the Case is Related to Any Other Case, Including Any Matters in Bankruptcy:**

Plaintiff filed a Chapter 13 bankruptcy petition on July 23, 2019.  (United States Bankruptcy Court, Eastern District of California, Case No. 19-24628.)  The Chapter 13 plan, which provides for payment of a 100% dividend to all unsecured creditor claims, was confirmed on September 21, 2019.  On October 1, 2019, Defendant filed a proof of claim in the bankruptcy case in the amount of $14,792.27.  The Chapter 13 bankruptcy case is pending.

4

**M.     Whether a Settlement Conference Should be Scheduled:**

The Parties have engaged in informal settlement discussions and are continuing to do so at this time.  Should a settlement not be reached between the Parties, they are prepared to participate in a settlement conference or mediation.

**N.     Any Other Matters that May Add to the Just and Expeditious Disposition of this Matter:**

None at this time.

Dated:  November 15, 2019            SULAIMAN LAW GROUP, LTD.

                                     By:   /s/ Nathan C. Volheim
                                           Nathan C. Volheim
                                           Attorneys for Plaintiff

Dated:  November 15, 2019            STROOCK & STROOCK & LAVAN LLP


                                     By:   /s/ Christopher R. Fredrich
                                           Christopher R. Fredrich
                                           Attorneys for Defendant